IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JONATHAN ALEXANDER SLAIKEU, <br><br> Petitioner, <br><br> v. <br><br> JAMES MILBURN, <br><br> Respondent. | Case No. 3:23-cv-00168-JMK <br><br> Case No. 3:23-cv-00187-JMK |

## ORDER OF DISMISSAL

Before the Court are two Petitions for Writ of Habeas Corpus by a Person in State Custody filed by self-represented prisoner, Jonathan Alexander Slaikeu. In Case No. 3:23-cv-00168-JMK, Mr. Slaikeu seeks to challenge his conviction in *State of Alaska v. Slaikeu,* Case No. 3AN-05-7519CR; and in Case No. 3:23-cv-00187-JMK, Mr. Slaikeu seeks to challenge his conviction in *State of Alaska v. Slaikeu,* Case No. 3AN-18-08857CR.

The Court takes judicial notice[1] of Mr. Slaikeu's underlying criminal cases, subsequent state court appeals, and his ongoing post-conviction proceedings.[2]

---

[1] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[2] The docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

The Court also takes judicial notice of the previous habeas petition filed in federal court in *Slaikeu v. Moses, et al.,* Case No. 3:21-cv-00271-SLG. As the Court has previously advised, a state court prisoner must fully exhaust all state remedies before proceeding in federal court.[3] A prisoner may file a second habeas petition where first petition was dismissed without prejudice for failure to exhaust state remedies.[4] However, Mr. Slaikeu has still not exhausted his state court remedies in either case, so his petitions must be dismissed.

The publicly available state court records demonstrate that Mr. Slaikeu has two ongoing post-conviction proceedings. His post-conviction relief case 3AN-21-06256CI, filed on June 2, 2021, involves his underlying criminal conviction in Case No. 3AN-18-08857CR;[5] and his post-conviction relief case 3AN-23-05338CI, filed on March 23, 2023, involves his underlying criminal conviction in Case No. 3AN-05-07519CR. Mr. Slaikeu alleges he has "been trying" to exhaust his state remedies,[6] his appeals were dismissed or withdrawn, and various attorneys have been ineffective.[7] While in limited, extraordinary circumstances, the Court may excuse a petitioner from exhausting state remedies, none of those circumstances

---

[3] Case No. 3:21-cv-00271-SLG, Docket 7.

[4] 28 U.S.C. § 2244(b); *see also In re Turner,* 101 F.3d 1323 (9th Cir. 1996), *as amended* Jan. 21, 1997.

[5] *State of Alaska v. Jonathan A. Slaikeu*, Case No. 3AN-18-08857CR, docket entry dated June 22, 2020 ("Charge Disposition: Defendant Convicted on Charge. For sentencing information, see the Judgment in the case file . . . Defendant Convicted on Charge #3: Indicted – AS 11.41.425(a)(1)(C): Sex Assault 3-Contact w/Unaware Victim.").

[6] Case 3:23-cv-00187-JMK, Docket 1 at 5.

[7] Case 3:23-cv-00168-JMK, Docket 1 at 6, 10.

Case Nos. 3:23-cv-00168-JMK and Case No. 3:23-cv-00187-JMK, *Slaikeu v. Milburn*
Order of Dismissal
Page 2 of 3
Case 3:23-cv-00168-JMK   Document 4   Filed 10/17/23   Page 2 of 3

exist here.[8] For these reasons, it plainly appears that Mr. Slaikeu is not entitled to habeas relief pursuant to Section 2254 in either of the above-captioned cases, so both petitions must be dismissed.[9]

**IT IS THEREFORE ORDERED**:

1. The Petition in each action is **DISMISSED without prejudice**.

2. All pending motions are **DENIED as moot**.

3. The Clerk shall include a copy of the Court's order in Case No. 3:21-cv-00271-SLG at Docket 7 with this order.

4. The Clerk is directed to enter a Final Judgment and terminate each action.

5. A Certificate of Appealability shall not issue.[10]

DATED this 17th day of October, 2023, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[8] *See, e.g., Alfaro v. Johnson,* 862 F.3d 1176, 1180 (9th Cir. 2017) ("Under the exception contained in § 2254(b)(1)(B)(ii), which applies when circumstances exist that render such process ineffective to protect the rights of the applicant, a petitioner may seek redress in federal court if the [state] corrective process is so clearly deficient as to render futile any effort to obtain relief") (internal quotation marks and citation omitted); *Davila v. Davis*, 137 S. Ct. 2058, 2062–63 (2017) ("Because a prisoner does not have a constitutional right to counsel in state postconviction proceedings, ineffective assistance in those proceedings does not qualify as cause to excuse a procedural default.").

[9] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts.

[10] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case Nos. 3:23-cv-00168-JMK and Case No. 3:23-cv-00187-JMK, *Slaikeu v. Milburn*
Order of Dismissal
Page 3 of 3
Case 3:23-cv-00168-JMK   Document 4   Filed 10/17/23   Page 3 of 3